## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHNATHAN RODRIGUEZ, on behalf of himself and all others similarly situated, | ) ) Civ. No. |
| | ) |
| *Plaintiff*, | ) ) |
| | ) **CLASS ACTION COMPLAINT** |
| v. | ) |
| | ) (Trial by Jury Demanded) |
| THE KROGER CO. and THE KROGER | ) |
| LIMITED PARTNERSHIP I, | ) |
| | ) |
| *Defendants*. | ) |

Plaintiff Johnathan Rodriguez, on behalf of himself and all others similarly situated, files this Class Action Complaint against The Kroger Co., an Ohio corporation (individually, "Kroger Co."), and The Kroger Limited Partnership I, an Ohio Limited Partnership (individually, "KLP"), (collectively, "Kroger" or "Defendants"). Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.     This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA")*,* brought on behalf of applicants for employment with Defendants, a supermarket chain. Plaintiff contends that Defendants systematically violate section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment actions without, beforehand, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA, leaving the

person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

2.      The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports."  Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Defendants.  This action involves Defendants' systematic violations of those important consumer protections.

3.      Plaintiff was denied employment as a meat clerk at a store operated by KLP in Madison, Alabama based upon a standardized background screen conducted by General Information Services, Inc. ("GIS") pursuant to an agreement between GIS and Kroger Co. whereby GIS performs a standardized background screen on all of Defendants' candidates for hire or promotion.  GIS adjudicated Plaintiff as not eligible for the job based upon the purported existence of multiple felony charges and convictions.  These crimes, however, were perpetrated by someone with a similar name; Plaintiff has no criminal record.

4.      In violation of the FCRA, Defendants failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report they obtained from GIS, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).  Every year, individuals who have applied to Defendants for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.      Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and classes of similarly situated employment applicants for whom Defendants failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

## PARTIES

6.     Plaintiff Johnathan Rodriguez is a "consumer" as defined by the FCRA, and resides in Madison, Alabama.

7.     Defendant Kroger Co. is an Ohio for-profit corporation and has a principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

8.     Defendant KLP is an Ohio limited partnership with its principal place of business at 1014 Vine Street, Cincinnati, Ohio.

9.     At all times relevant hereto, Defendant KLP was a subsidiary of Defendant Kroger Co.

## JURISDICTION AND VENUE

8.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9.     Venue is proper in this Court because Defendants can be found in this District. 28 U.S.C. § 1391(b)(1).

## STATEMENT OF FACTS

### Defendants' Use of GIS Background Screening Reports

10.     GIS is among the largest of the nation's employment background screening companies, *i.e.,* those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

11.     GIS reviews public records and private databases and assembles and/or maintains consumer files which contain information concerning, among other things, the alleged criminal, credit and employment history of individuals.

12. From its files, GIS sells background consumer reports to potential employers (such as Defendants) wishing to screen applicants for employment. According to its website, GIS "is one of the oldest and largest background screening providers in the nation." http://www.geninfo.com/our-company.asp.

13. Kroger Co. contracts with GIS to conduct background checks on applicants for employment with its subsidiaries and divisions, including KLP.

14. Kroger Co. furthermore contracted with GIS to perform adjudication of employment applicants' eligibility for hire based upon the results of background checks, applying a uniform adjudication matrix provided by Kroger Co. GIS used the same adjudication matrix for Kroger Co.'s subsidiaries, including KLP.

15. Kroger Co. maintains a contract directly with GIS and causes consumer reports to procured for employment purposes, and is a user of those consumer reports.

16. KLP reviews the results of the consumer reports obtained from GIS and uses them in connection with employment eligibility determinations, and is therefore a user of the consumer reports.

17. Under the FCRA, a "user" of a consumer report, such as Kroger Co. and KLP, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

18. The reason for the "pre-adverse action notice" requirement in employment scenarios is to alert the consumer job applicant that he or she is about to experience an adverse

action, such as a rejection, based on a report's contents, and to provide him or her an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user *before* that job prospect or job is lost.

**Facts Pertaining to Class Representative Plaintiff Jonathan Rodriguez**

19.     In May of 2016, Plaintiff Johnathan Rodriguez ("Mr. Rodriguez") applied for employment in the meat and seafood department at Kroger Store 505 in Madison, Alabama.

20.     On May 11, 2016, Mr. Rodriguez interviewed in person with one Crystal Lockett ("Ms. Lockett"), the Associate Resources Manager at Store 505.

21.     Ms. Lockett informed Mr. Rodriguez that his employment with Defendants was conditioned on his passing a drug test and background check.

22.     Following the interview, Mr. Rodriguez was offered a job at Store 505 and he accepted.

23.     After Mr. Rodriguez accepted the job offer, Kroger Co. requested a background check for Mr. Rodriguez from GIS.

24.     On May 16, 2016, GIS transmitted a background report on Mr. Rodriguez to Defendants.  The report was available to both Kroger Co. and KLP.

25.     The background report provided by GIS to Defendants regarding Mr. Rodriguez contained Middlesex County, New Jersey criminal charges and convictions for first degree murder (felony), conspiracy to commit murder (felony), second degree unlawful possession of weapons – handgun (felony), second degree possession of weapon for unlawful purposes – firearm (felony) second degree aggravated assault attempt/cause serious bodily injury purposely/knowing/recklessly (felony), second degree conspiracy/possession of weapon for unlawful purposes – firearm (felony), third degree hinder apprehension of second degree offense

(felony), third degree manufacturing or distributing controlled dangerous substance (felony) and third degree controlled dangerous substance distribute on or near school property (felony).

26.     All the criminal record history reported by GIS to Defendants was inaccurate. Mr. Rodriguez is not the perpetrator of these crimes and has never visited or lived in New Jersey.

27.     Pursuant to the adjudication matrix provided by Kroger Co., GIS gave Mr. Rodriguez's background report as "hold" or "not clear for hire"

28.     A KLP employee subsequently reviewed Mr. Rodriguez's background report and determined that he was ineligible for employment.

29.     Mr. Rodriguez participated in orientation and training at Store 505 over the course of several days in May 2016.

30.     On Saturday, May 21, 2016, Ms. Lockett called Mr. Rodriguez and informed him that his employment with Defendants had been terminated.

31.     On Monday, May 23, 2016, Mr. Rodriguez went to Store 505 and received from Ms. Lockett a piece of paper memorializing his termination and a copy of his GIS background report.

32.     Also on Monday, May 23, 2016, GIS mailed Mr. Rodriguez a pre-adverse action notice and a copy of the background report it had prepared regarding him.  Mr. Rodriguez did not receive this correspondence until a few days later.

33.     On May 31, 2016, GIS mailed Mr. Rodriguez an adverse action notice, informing him that his employment with Defendants had been terminated because of information in his background report.

34.     The negative adjudication of Mr. Rodriguez's background report and his subsequent termination occurred prior to GIS's provision of a copy of the report or any meaningful opportunity to dispute the inaccurate records in it.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

(a)     All applicants for employment with Defendants or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was used by Defendants and/or its subsidiaries to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Defendants and/or their subsidiaries failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action.

(b)     All applicants for employment with Defendants or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was requested by Defendants and/or their subsidiaries which contained a grade of "hold" or "Not Clear for Hire" and/or a grade reflecting a derogatory flag, within five years prior to the filing of this action and extending through the resolution of this case.

36.     Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

37.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant procures and uses hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

38.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Classes,

and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

(a)     Whether Defendants failed to provide each applicant for employment a copy of their consumer report at least five business days before Defendants took adverse action based upon the consumer report;

(b)     Whether Defendants failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant took adverse action based upon the consumer report;

(c)     Whether Defendants acted willfully or negligently in disregard of the rights of employment applicants in their failure to permit their employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

39.     **Typicality.  FED. R. CIV. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

40.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Classes.  His interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

41.     **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient

adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
### Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)
### (On behalf of Plaintiff and Classes)

42.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

43.     Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

44.     The GIS report ordered by Defendants is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

45.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights

under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

46. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

47. Defendants are each a "person" and regularly use background reports for employment purposes. 15 U.S.C. § 1681a(b).

48. The FCRA requires Defendants, as users of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

49. Defendants willfully and negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Classes the following before using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of statutory, actual and punitive damages for Plaintiff and the Classes;

C. An award of statutory, actual and punitive damages for Plaintiff individually;

D. An award of pre-judgment and post-judgment interest as provided by law;

10

E.      An award of attorneys' fees and costs; and,

F.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests and demands a trial by jury.

Respectfully submitted,


Dated: May 15, 2018          BY:     /s/ Sylvia A. Goldsmith
                                     SYLVIA A. GOLDSMITH (#0064871)
                                     Trial Attorney
                                     **GOLDSMITH & ASSOCIATES, LLC**
                                     20545 Center Ridge Road, Suite 415
                                     Rocky River, OH 44116
                                     Tel: (440) 934-3025
                                     Fax: (440) 934-3026
                                     E-mail:  goldsmith@goldsmithlawyers.com

                                     **FRANCIS & MAILMAN, P.C.**
                                     JAMES A. FRANCIS (*pro hac vice forthcoming*)
                                     JOHN SOUMILAS (*pro hac vice forthcoming*)
                                     LAUREN KW BRENNAN (*pro hac vice forthcoming*)
                                     Land Title Building, 19th Floor
                                     100 South Broad Street
                                     Philadelphia, PA 19110
                                     Tel: 215.735.8600
                                     Fax: 215.940.8000
                                     E-mail: jfrancis@consumerlawfirm.com
                                     E-mail: jsoumilas@consumerlawfirm.com
                                     E-mail: lbrennan@consumerlawfirm.com

                                     *Counsel for Plaintiff on behalf of himself*
                                     *and all others similarly-situated*